RIDER–ERICSSON ENGINE CO. v. FOWLER.

(Supreme Court, Appellate Term.   March, 1902.)

AGENCY—UNDISCLOSED PRINCIPAL—EVIDENCE—PROOF OF OTHER PRINCIPAL.
    In an action to recover from defendant the price of a pumping engine alleged to have been purchased by her husband for her as undisclosed principal, it appeared that the engine was used on hotel property owned by defendant, but leased and operated by her son; and defendant claimed that the engine was purchased for the son, and not for her. An old engine, belonging to the son, had been traded as part of the purchase price of the new one. ·Held, that evidence by the son and husband of defendant as to the son's connection with the hotel property, the direction which he gave his father relative to the purchase of the pump, and as to whether at the time of the purchase of the pump the husband was conducting the hotel for his wife, was admissible to rebut the theory that the husband was agent for defendant.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Rider-Ericsson Engine Company against Annie Y. Fowler. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Harmon S. Graves, for appellant.
William J. Groo, for respondent.

GREENBAUM, J.   The plaintiff seeks to hold defendant liable, as an undisclosed principal, for the value of a Rider engine which had been sold to defendant's husband as her agent.   Defendant appeals from the judgment rendered against her by the justice of the municipal court upon the grounds—First, that there was no evidence of her husband's agency; and, secondly, that the justice improperly excluded testimony offered by defendant, to her prejudice.

It was sought to establish the husband's agency· from the testimony given by him in proceedings supplementary to execution under a judgment recovered against him by the plaintiff in an action brought for the sale and delivery to him of the identical Rider engine for which plaintiff now seeks to hold defendant liable.   In the deposition in supplementary proceedings the defendant's husband explicitly stated that he "did not buy that pump for my wife"; but the plaintiff claims that, in a previous part of the examination the witness having stated, "At the time I bought the pump I did not disclose the fact that I was acting as agent for my wife," the inference may be drawn that this is an admission of his wife's agency.   The deposition was taken by plaintiff's counsel in narrative form, and such an answer might be consistent with the witness' purchase of the engine. It also appeared that the pump was used in pumping water to a cer-

tain hotel property in Branchville, N. J., belonging to the defendant; the pump however being on the banks of a lake, a quarter of a mile distant from the hotel, and on grounds not belonging to defendant. It further appeared that the husband had acted as agent in the purchasing of the hotel property and the building of a hotel, and that the hotel had been leased to a son of the defendant, who had been running it for nearly four years. It is conceded that in part payment for the pump the plaintiff accepted an old engine, leaving a balance of $150, the amount for which recovery is here sought. The defendant's husband testified that the aforesaid old engine belonged to his son, the lessee of the hotel property, and that the new pump was purchased for this son, and not for his wife. It was important, therefore, that the defendant be permitted to show the actual relations of the son to the pump transaction. To prove its cause of action, the plaintiff called defendant's husband, and introduced, without objection, his deposition in supplementary proceedings. Upon cross-examination, defendant's counsel asked the witness the following question: "Q. Were you then, at the time of the purchase of this pump, conducting the hotel for your wife? (Objected to and excluded. Exception.)" The question was clearly admissible, and peculiarly important, in view of the admissions, drawn from this witness by plaintiff's counsel in the deposition, that he had acted as his wife's agent in the purchase of the hotel property, and in the construction of the building some years before, and from which circumstance it was sought to deduce an agency existing for the wife at the time of the purchase of the pump. Defendant had the right to show what the witness' relations to the hotel were at the time of the purchase. The defendant's son was called in her behalf, and he was not permitted to testify that he was lessee of the hotel, nor what directions he gave his father relative to the pump, nor whether he had paid the money for the pump to his father. It would seem that these inquiries were pertinent, in view of the theory upon which this case was brought, to rebut any presumption of the husband's agency for defendant that might have arisen.

We are of the opinion that justice would require a retrial of the case, not only because defendant's liability as an undisclosed principal is doubtfully established, but because the errors in the exclusion of testimony in behalf of defendant were manifestly prejudicial to her. Judgment reversed and new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.